UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>HOPE FOR CAR OWNERS, LLC, and PATRICK FREEMAN,<br><br>    Defendants. | Case No. 2:12-cv-00778-GEB-EFB<br><br>STIPULATED PRELIMINARY INJUNCTION |

On March 27, 2012, Plaintiff, Federal Trade Commission ("FTC"), filed a complaint seeking a permanent injunction and other equitable relief, under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), against Defendants Hope for Car Owners, LLC and Patrick Freeman. On March 28, 2012, the FTC filed a motion for temporary restraining order and order to show cause why a preliminary injunction should not issue. On April 4, 2012, after hearing argument from the parties, the Court issued a Temporary Restraining Order ("TRO"). On April 16, 2012, the FTC and Defendants filed a "Stipulated Preliminary Injunction." (ECF No. 21.)

However, as was explained during the April 4, 2012 hearing on Plaintiff's motion for a TRO and in the TRO, [a] corporation may appear in federal court only through licensed counsel." United States v. High Country Broad Co., 3 F.3d 1244, 1245 (9th Cir. 2010). "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986.) (internal quotation

*Stipulated Preliminary Injunction*        Page 1 of  11

marks omitted). Since Defendant Hope for Car Owners, LLC does not appear through licensed counsel, it cannot stipulate to a preliminary injunction. Therefore, only Defendant Freeman is referenced in the Stipulated Preliminary Injunction Order ("Order") below.

## FINDINGS

By stipulation of the parties, the Court finds as follows:

1. The FTC and Defendant have stipulated and agreed to the entry of this preliminary injunction order without any admission of wrongdoing or violation of law, and without a finding by the Court of law or fact other than stated below.

2. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

3. The Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over Defendant.

4. Venue in the Eastern District of California is proper under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).

5. The FTC asserts that there is good cause to believe that Defendant has engaged, and is likely to continue to engage, in acts or practices that violate Section 5 of the FTC Act, 15 U.S.C. § 45, and that the FTC is, therefore, likely to prevail on the merits of this action.

6. The FTC asserts that there is good cause to believe that consumers will suffer immediate and continuing harm unless Defendant is immediately restrained by an order of this Court.

7. No security is required of any agency of the United States for issuance of a preliminary injunction, Fed. R. Civ. P. 65(c).

8. The entry of this Preliminary Injunction is in the public interest.

## DEFINITIONS

1. "Assisting others" includes, but is not limited to, providing any of the following goods or services to another person:

    A. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

    B. formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication;

    C. providing names of, or assisting in the generation of, potential customers;

    D. performing marketing services of any kind; or

    E. acting or serving as an owner, officer, director, manager, or principal of any entity.

2. "Document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

3. "Motor vehicle" means (a) any self-propelled vehicle designed for transporting persons or property on a street, highway, or other road; (b) recreational boats and marine equipment; (c) motorcycles; (d) motor homes, recreational vehicle trailers, and slide-in campers; and (e) other vehicles that are titled and sold through dealers.

4. "Motor vehicle loan" means any loan secured by title to a motor vehicle or otherwise secured by the motor vehicle as collateral.

5. "Motor vehicle loan assistance relief product or service" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

   A. stopping, preventing, or postponing any repossession of the consumer's motor vehicle, or otherwise saving the consumer's motor vehicle from repossession;

   B. negotiating, obtaining, or arranging a modification of any term of a motor vehicle loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

   C. obtaining any forbearance or modification in the timing of payments from any motor vehicle loan holder or servicer on any motor vehicle loan;

   D. negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a motor vehicle loan, (ii) reinstate his or her motor vehicle loan, (iii) redeem a motor vehicle, or (iv) exercise any right to reinstate a motor vehicle loan or redeem a motor vehicle;

E.   obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any motor vehicle; or

F.   negotiating, obtaining, or arranging a sale of a motor vehicle or any other disposition of a motor vehicle loan other than a sale to a third party that is not the motor vehicle loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's motor vehicle loan application.

6.   "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

## ORDER

## PROHIBITED REPRESENTATIONS

I.   **IT IS THEREFORE ORDERED** that Defendant and his successors, assigns, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any motor vehicle loan assistance relief product or service, are hereby restrained and enjoined from:

A.   Misrepresenting, or from assisting others who are misrepresenting, expressly or by implication, any of the following:

*Stipulated Preliminary Injunction*        Page 5 of 11

1.    That Defendant or any other person generally will obtain for consumers a renegotiation, settlement, modification, or other alteration of the terms of any motor vehicle loan that will make consumers' payments substantially more affordable;

2.    The degree of success that Defendant or any other person has had in performing any motor vehicle loan assistance relief product or service;

3    The nature of Defendant's or any other person's relationship with any motor vehicle loan holder or servicer, or other secured or unsecured lender;

4.    The amount of time it will take or is likely to take to obtain or arrange a renegotiation, settlement, modification, or other alteration of the terms of any motor vehicle loan;

5.    The nature, expertise, position, or job title of any employee, agent, representative, contractor, independent contractor, or any other person who provides any service to Defendant or any other person;

6.    That any employee, agent, representative, contractor, independent contractor, or any other person who provides any service to Defendant or any other person will perform any service on behalf of any consumer; or

7.    The refund policy of Defendant or any other person, including but not limited to the likelihood of a consumer obtaining a full or partial

refund, or the circumstances in which a full or partial refund will be granted to the consumer; or

B. Representing, or assisting others who are representing, expressly or by implication, any degree or rate of success that Defendant or any other person has had in performing any motor vehicle loan assistance relief product or service, unless, at the time of making the representation, Defendant has a reasonable basis supporting such a representation.

**RESTRICTION ON COLLECTION OF ADVANCE FEES**

**II.** **IT IS FURTHER ORDERED** that Defendant and his successors, assigns, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any motor vehicle loan assistance relief product or service, are hereby restrained and enjoined from requesting or accepting payment of any fee or consideration in advance of performing each and every motor vehicle loan assistance relief product or service that Defendant contracted to perform or represented would be performed.

**DISABLEMENT OF WEB SITES**

**III.** **IT IS FURTHER ORDERED** that, immediately upon service of the Order upon them, (1) any person hosting any Internet website for, or on behalf of, Defendant, and (2) Defendant and his successors, assigns, agents, servants, employees, and attorneys,

*Stipulated Preliminary Injunction*      Page 7 of 11

and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A.   Immediately do whatever is necessary to ensure that any Internet website used by Defendant for the advertising, marketing, promotion, offering for sale, sale, or provision of any motor vehicle loan assistance relief product or service, and containing statements or representations prohibited by Section I of this Order, including, but not limited to carloanmod.com, hopeforcarowners.com, hope4carowners.com, hope4carowners.org, and avoidrepo.org, cannot be accessed by the public;

B.   Prevent the destruction or erasure of any Internet website used by Defendant for the advertising, marketing, promotion, offering for sale, sale, or provision of any motor vehicle loan assistance relief product or service, including, but not limited to carloanmod.com, hopeforcarowners.com, hope4carowners.com, hope4carowners.org, and avoidrepo.org, by preserving such website in the format in which they are maintained currently; and

C.   Immediately notify in writing counsel for the FTC of any other Internet website operated or controlled by Defendant not listed in Section III.A or B above.

### SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

**IV.**  **IT IS FURTHER ORDERED** that, any domain name registrar shall suspend the registration of any Internet website used by Defendant for the advertising, marketing, promotion, offering for sale, sale, or provision of any motor vehicle loan assistance relief product or service, and containing statements or representations prohibited by Section I of this Order, including, but not limited to carloanmod.com, hopeforcarowners.com, hope4carowners.com, hope4carowners.org, and avoidrepo.org, and provide immediate notice to counsel for the FTC of any other Internet domain names registered by Defendant or his agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise.

### PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**V.**  **IT IS FURTHER ORDERED** that Defendant and his successors, assigns, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are restrained and enjoined from disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person

which Defendant obtained prior to entry of this Order in connection with any vehicle loan assistance relief product or service; *provided, however*, that Defendant may disclose such information to a law enforcement agency or as required by law, regulation, or court order.

## PRESERVATION OF RECORDS

**VI.** **IT IS FURTHER ORDERED** that Defendant and his successors, assigns, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices, or business or personal finances, of Defendant.

## NOTICE TO EMPLOYEES AND AGENTS

**VII.** **IT IS FURTHER ORDERED** that within three (3) calendar days after service of this Order, Defendant shall provide a copy of this Order to each of his employees, directors, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, all persons in active concert or participation with Defendant, and any person to whom Defendant has sold or provided marketing leads for motor vehicle loan assistance relief products or services.  Within five (5) calendar days following this Order, Defendant shall provide the FTC with an affidavit identifying the names,

titles, addresses, and telephone numbers of the persons that Defendant has served with a copy of this Order in compliance with this provision.

## CONCLUSION

For the stated reasons, the stipulated preliminary injunction against Defendant Patrick Freeman is approved, and the hearing scheduled for April 18, 2012, is vacated. Further, since Defendants are proceeding in pro per, this case is referred to the assigned magistrate judge under Local Rule 302(c)(21).

Dated: April 16, 2012

GARLAND E. BURRELL, JR.
United States District Judge

*Stipulated Preliminary Injunction*    Page 11 of 11