IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

    Plaintiff,                                      No. CIV S-12-778 GEB EFB PS

    vs.

HOPE FOR CAR OWNERS, LLC;
PATRICK FREEMAN,

    Defendants.                                 <u>ORDER</u>

       On April 16, 2012, this action was referred to the undersigned pursuant to Local Rule 302(c)(21). *See* Dckt. No. 22 at 11; *see also* 28 U.S.C. § 636(c). Then, on April 18, 2012, plaintiff filed a request that the undersigned issue a preliminary injunction against defendant Hope for Car Owners LLC ("HCO"), arguing that HCO has been properly served but has not appeared or opposed plaintiff's request for relief, and that the other defendant, Patrick Freeman, has already stipulated with plaintiff to the entry of a preliminary injunction that was filed and entered by the court on April 16, 2012. Dckt. No. 23 at 1; *see also* Dckt. No. 6 (plaintiff's motion for a temporary restraining order with an order to show cause why a preliminary injunction should not issue); Dckt. No. 17 (order granting plaintiff's motion for a temporary restraining order and setting a hearing on plaintiff's motion for a preliminary injunction).

////

1

1  Plaintiff's proposed preliminary injunction as to HCO is very similar to the April 16, 2012
2  stipulated preliminary injunction, and the finding of facts in the proposed preliminary injunction
3  reflect those set forth in the temporary restraining order issued on April 4, 2012.  *See* Dckt. No.
4  23-1; *see also* Dckt. Nos. 17, 22.  Plaintiff contends that because HCO has not properly opposed
5  plaintiff's request for a preliminary injunction, that request should be granted.  Dckt. No. 23 at 2.
6      As noted by the district judge, *see* Dckt. No. 17 at 2, HCO may not appear in this action
7  without counsel.  *See* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by
8  an attorney."); *see also United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir.
9  2010) ("A corporation may appear in federal court only through licensed counsel.").  Therefore,
10 HCO's purported opposition to plaintiff's request for a preliminary injunction, which was filed
11 by defendant Patrick Freeman on behalf of HCO, was stricken.  Dckt. No. 17 at 2 (citing
12 *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (indicating
13 when a corporation fails to retain counsel it risks losing a case by default judgment)).  Although
14 plaintiff contends that HCO's failure to file an opposition should result in the granting of
15 plaintiff's requested preliminary injunction, before any preliminary injunction issues against
16 HCO, HCO will be given an opportunity to obtain counsel and to file an opposition to the
17 requested injunction.
18     Accordingly, IT IS HEREBY ORDERED that:
19     1. On or before May 21, 2012, HCO shall obtain counsel and notify the court that
20 counsel has been obtained.
21     2. On or before May 28, 2012, HCO shall file an opposition or a statement of non-
22 opposition to plaintiff's motion for a preliminary injunction, Dckt. Nos. 6 and 23.
23     3. On or before June 4, 2012, plaintiff may file a reply to any opposition filed by HCO.
24 If HCO fails to obtain counsel and/or to file an opposition to the motion for a preliminary
25 injunction, on or before June 4, 2012, plaintiff shall file a brief explaining how it intends to
26 proceed in this action against HCO.

1          4.  Failure of HCO to obtain counsel and/or to file an opposition to the motion for a
2  preliminary injunction may result in the granting of that motion and/or a recommendation that
3  HCO be held in default.

4  DATED:  April 19, 2012.

                                  EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE