IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>HOPE FOR CAR OWNERS, LLC;<br>PATRICK FREEMAN,<br><br>    Defendants.<br>_____/ | No. 2:12-cv-778 GEB EFB PS<br><br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). *See* Dckt. No. 22 at 11; *see also* 28 U.S.C. § 636(c).  On April 18, 2012, plaintiff filed a request for a preliminary injunction against defendant Hope for Car Owners LLC ("HCO"), arguing that HCO has been properly served but has not appeared or opposed plaintiff's request for relief, and that the other defendant, Patrick Freeman, has already stipulated with plaintiff to the entry of a preliminary injunction that was filed and entered by the court on April 16, 2012.  Dckt. No. 23 at 1; *see also* Dckt. No. 6 (plaintiff's motion for a temporary restraining order with an order to show cause why a preliminary injunction should not issue); Dckt. No. 17 (order granting plaintiff's motion for a temporary restraining order and setting a hearing on plaintiff's motion for a preliminary injunction).  Plaintiff's proposed preliminary injunction as to HCO is very similar to the April 16, 2012 stipulated preliminary injunction, and the finding of facts in the proposed

preliminary injunction reflect those set forth in the temporary restraining order issued on April 4, 2012. *See* Dckt. No. 23-1; *see also* Dckt. Nos. 17, 22. Plaintiff contends that because HCO has not properly opposed plaintiff's request for a preliminary injunction, that request should be granted. Dckt. No. 23 at 2.

As noted by the district judge, *see* Dckt. No. 17 at 2, HCO may not appear in this action without counsel. *See* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney."); *see also United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 2010) ("A corporation may appear in federal court only through licensed counsel."). Therefore, HCO's purported opposition to plaintiff's request for a preliminary injunction, which was filed by defendant Patrick Freeman on behalf of HCO, was stricken. Dckt. No. 17 at 2 (citing *Employee Painters' Trust v. Ethan Enters., Inc*., 480 F.3d 993, 998 (9th Cir. 2007) (indicating when a corporation fails to retain counsel it risks losing a case by default judgment)).

Although plaintiff argued that HCO's failure to file an opposition should result in the granting of plaintiff's requested preliminary injunction, the undersigned issued an order on April 19, 2012 stating that before any preliminary injunction would issue against HCO, HCO would be given an opportunity to obtain counsel and to file an opposition to the requested injunction. Dckt. No. 24. The order directed HCO to obtain counsel and notify the court that counsel had been obtained by May 21, 2012, and to file an opposition or a statement of non-opposition to plaintiff's motion for a preliminary injunction, Dckt. Nos. 6 and 23, by May 28, 2012. *Id.* at 2. HCO was admonished that a "[f]ailure of HCO to obtain counsel and/or to file an opposition to the motion for a preliminary injunction may result in the granting of that motion and/or a recommendation that HCO be held in default." *Id.* at 3. Finally, the order provided that if HCO failed to obtain counsel and/or to file an opposition to the motion for a preliminary injunction, on or before June 4, 2012, plaintiff was to file a brief explaining how it intends to proceed in this action against HCO. *Id.* at 2.

////

1    The May 21 and 28 deadlines have passed, and HCO neither obtained counsel nor filed
2 an opposition or a statement of non-opposition to plaintiff's motion for a preliminary injunction.
3 On May 31, 2012, plaintiff filed a request for entry of HCO's default and a brief explaining that
4 once plaintiff conducts limited discovery in order to establish the amount of consumer injury
5 caused by HCO, plaintiff will file a motion for default judgment against HCO.  Dckt. Nos. 26,
6 27.  Plaintiff anticipates that it will be prepared to file its motion for default judgment no later
7 than July 31, 2012.  Dckt. No. 26 at 3.  Plaintiff's brief also once again requested that plaintiff's
8 motion for a preliminary injunction be granted.  *Id.* at 2.  The clerk entered HCO's default on
9 June 5, 2012.  Dckt. No. 28.

10    In light of HCO's default and failure to comply with the April 19, 2012 order, and for the
11 reasons provided in plaintiff's motion for a preliminary injunction against HCO, Dckt. Nos. 6
12 and 23, the undersigned will recommend that the motion for a preliminary injunction be granted.
13 In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely
14 to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
15 relief, that the balance of equities tips in his favor, and that an injunction is in the public
16 interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v.*
17 *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  The Ninth Circuit has also held that
18 "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of
19 the preliminary injunction test, so that a stronger showing of one element may offset a weaker
20 showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v.*
21 *Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the
22 merits,' and a hardship balance that tips sharply toward the plaintiff can support the issuance of
23 an injunction, assuming the other two elements of the *Winter* test are also met.'"  *Id.*  Here,
24 plaintiff has demonstrated that it is likely to succeed on the merits of its claims against HCO, that
25 the balance of the equities strongly tips in plaintiff's favor, and that a preliminary injunction is in
26 the public interest.  Therefore, even though plaintiff concedes that HCO "may have shut down,"

1 thus minimizing the chance of irreparable harm, the undersigned finds that plaintiff's requested
2 preliminary injunction should nonetheless issue.
3     Accordingly, IT IS HEREBY ORDERED that:
4     1. The July 18, 2012 status (pretrial scheduling) conference, Dckt. No. 25, is vacated;
5 and
6     2. On or before July 31, 2012, plaintiff shall file a motion for default judgment against
7 HCO.
8     IT IS FURTHER RECOMMENDED that:
9     1. Plaintiff's motion for a preliminary injunction against HCO, Dckt. Nos. 6 and 23, be
10 granted; and
11     2. Plaintiff's proposed preliminary injunction against HCO, Dckt. No. 23-1, be signed.
12     These findings and recommendations are submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
14 after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties. Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
17 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
18 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: June 6, 2012.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE