1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    FEDERAL TRADE COMMISSION,

11              Plaintiff,                         No. 2:12-cv-778-GEB-EFB

12        vs.

13    HOPE FOR CAR OWNERS, LLC;
      PATRICK FREEMAN,                             ORDER
14
                Defendants.
15    _____/

16          Presently pending for hearing before the undersigned on September 26, 2012 is plaintiff's

17    motion for default judgment against defendant Hope for Car Owners, LLC ("HCO").  Dckt. No.

18    31.  On August 28, 2012, the undersigned issued an order requiring plaintiff to file a

19    supplemental brief explaining why default judgment should be entered against HCO even though

20    defendant Freeman is not in default,[1] and even though the preferred practice when default is

21    entered against one defendant in a multi-defendant case is for the court to withhold granting

22    default judgment until trial of the action on the merits against the remaining defendant.  Dckt.

23    _____

24          [1] On August 1, 2012, this case was stayed as to defendant Freeman for 120 days because
      "Freeman and counsel for the FTC have negotiated a final settlement in this matter," and that
25    settlement is currently awaiting approval.  Dckt. Nos. 32, 33.  The request for a stay indicates
      that "[i]f the FTC approves the settlement, further litigation with respect to Defendant Patrick
26    Freeman will not be necessary."  Dckt. No. 32 at 2.

No. 35 at 1-2 (citing Fed. R. Civ. P. 54(b), which provides: "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").

Plaintiff filed a supplemental brief on September 12, 2012, arguing that default judgment against HCO is proper and that this court should expressly find under Rule 54(b) that there is no just reason to delay entering judgment against HCO. Dckt. No. 37 at 3. Plaintiff argues that in this case "eliminating issues and parties . . . justifies the entry of final judgment on a claim." *Id.* at 2 (citing *Cadillac Fairview/California, Inc. v. United States*, 41 F.3d 562, 564 n.1 (9th Cir. 1994)). Plaintiff also contends that default judgment as to HCO "likely would not result in inconsistent adjudications or logically inconsistent results," since the Court, in entering a temporary restraining order and preliminary injunction against each of the defendants, already found that there was a likelihood of success on the merits as to HCO. *Id.* at 2-3.

However, plaintiff's brief also notes that since filing its motion for default judgment, plaintiff and defendant Freeman "have reached a tentative settlement that is currently being reviewed for approval by the several FTC Commissioners before filing with the Court." *Id.* at 3, n.1. In light of that representation, it appears that, assuming the negotiated settlement is approved, this case will likely be resolved as to defendant Freeman in relatively short order. Moreover, both defendants have been preliminarily enjoined from engaging in the conduct at issue in this action. Therefore, it does not appear that plaintiff would suffer any prejudice from a short delay in the entry of default judgment against HCO. Additionally, assuming that the negotiated settlement between plaintiff and defendant Freeman were to fall through and this case were to proceed against defendant Freeman, this court cannot say that the entry of default judgment against HCO would not result in inconsistent judgments or logically inconsistent results.

1  For those reasons, the court declines to find that there is no just reason to delay entering

2  default judgment against defendant HCO.  As a result, plaintiff's motion for default judgment,

3  Dckt. No. 31, is denied without prejudice and the September 26, 2012 hearing thereon is vacated.

4  DATED:  September 18, 2012.

5

6  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26