**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>     Plaintiff,<br><br>v.<br><br>**HOPE FOR CAR OWNERS, LLC, et al.,**<br><br>     Defendants. | **Case No. 2:12-cv-00778-GEB-EFB**<br><br>**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANT PATRICK FREEMAN** |

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on March 27, 2012, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to obtain preliminary and permanent injunctive and other equitable relief for Defendants' alleged violations of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing and sale of motor vehicle loan assistance relief services. *See* Dkt. No. 1. On April 4, 2012, the Court issued a Temporary Restraining Order. *See* Dkt. No. 17. On April 16, 2012, the FTC and defendant Patrick Freeman agreed to, and the Court entered, a stipulated Preliminary Injunction. *See* Dkt. No. 22. On April 16, 2012, this action was referred to the undersigned Magistrate Judge pursuant to Local Rule 302(c)(21). *See* Dkt. No. 22 at 11; *see also* 28 U.S.C. § 636(c). Now, the FTC and Defendant Patrick Freeman ("Settling Defendant") hereby stipulate to the entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order").

**FINDINGS**

By stipulation of the parties and being advised of the premises, the Court finds:

*Stipulated Final Order*                    Page 1 of 21

This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  The Complaint seeks both permanent injunctive relief and equitable monetary relief for the Settling Defendant's alleged deceptive acts or practices as alleged therein. The FTC has the authority under Section 13(b) of the FTC Act to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against the Settling Defendant.

This Court has jurisdiction over the subject matter of this case and has jurisdiction over the Settling Defendant.  Venue in the Eastern District of California is proper.

The activities of the Settling Defendant, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

The FTC and the Settling Defendant stipulate and agree to entry of this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date of entry of this Order.  This settlement does not settle and resolve any matters not alleged in the Complaint.  This Order is for settlement purposes only, and does not constitute and shall not be interpreted to constitute an admission by the Settling Defendant or a finding that the law has been violated as alleged in the Complaint, or that the facts alleged in the Complaint, other than the jurisdictional facts or as provided in Sections VI.D and VII of this Order, are true.

The Settling Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  The Settling Defendant also waives any claim that he may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the

prosecution of this action to the date of this Order.  Each settling party shall bear its own costs and attorneys fees.

This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

Entry of this Order is in the public interest.

## DEFINITIONS

"**Assisting others**" includes, but is not limited to, providing any of the following goods or services to another person:

A. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

B. formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication;

C. providing names of, or assisting in the generation of, potential customers;

D. performing marketing services of any kind; or

E. acting or serving as an owner, officer, director, manager, or principal of any entity.

"**Competent and reliable evidence**" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

"**Customer**" means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by any other person.

*Stipulated Final Order*      Page 3 of  21

"**Document**" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained.  A draft or non-identical copy is a separate document within the meaning of the term.

"**Financial related product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

A.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

B.      improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

C.      provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; or

D.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit.

"**Material**" means likely to affect a person's choice of, or conduct regarding goods or services.

"**Motor vehicle**" means (a) any self-propelled vehicle designed for transporting persons or property on a street, highway, or other road; (b) recreational boats and marine equipment; (c) motorcycles; (d) motor homes, recreational vehicle trailers, and slide-in campers; and (e) other vehicles that are titled and sold through dealers.

"**Motor vehicle loan**" means any loan secured by title to a motor vehicle or otherwise secured by the motor vehicle as collateral.

"**Motor vehicle loan assistance relief product or service**" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

A.   stopping, preventing, or postponing any repossession of the consumer's motor vehicle, or otherwise saving the consumer's motor vehicle from repossession;

B.   negotiating, obtaining, or arranging a modification of any term of a motor vehicle loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

C.   obtaining any forbearance or modification in the timing of payments from any motor vehicle loan holder or servicer on any motor vehicle loan;

D.   negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a motor vehicle loan, (ii) reinstate his or her motor vehicle loan, (iii) redeem a motor vehicle, or (iv) exercise any right to reinstate a motor vehicle loan or redeem a motor vehicle;

E.   obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any motor vehicle; or

F.   negotiating, obtaining, or arranging a sale of a motor vehicle or any other disposition of a motor vehicle loan other than a sale to a third party that is not the motor vehicle loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's motor vehicle loan application.

10. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

### ORDER

### BAN ON ASSISTANCE RELIEF PRODUCTS AND SERVICES FOR SECURED AND UNSECURED LOANS

**IT IS THEREFORE ORDERED** that the Settling Defendant, whether acting directly or through any other person, is permanently restrained and enjoined from:

A.    Advertising, marketing, promoting, offering for sale, or selling any motor vehicle loan assistance relief product or service or any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, between a person and one or more secured or unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a secured or unsecured creditor or debt collector; and

B.    Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any motor vehicle loan assistance relief product or service or any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, between a person and one or more secured or unsecured

creditors or debt collectors, including but not limited to, a reduction in the

balance, interest rate, or fees owed by a person to a secured or unsecured creditor

or debt collector.

**PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES**

II.   **IT IS FURTHER ORDERED** that the Settling Defendant and his officers, agents,

servants, employees, and attorneys, and those persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal service,

facsimile transmission, email, or otherwise, whether acting directly or through any

corporation, subsidiary, division, or other device, in connection with the advertising,

marketing, promotion, offering for sale or sale of any financial related product or service,

are hereby permanently restrained and enjoined from:

A.   Misrepresenting or assisting others in misrepresenting, expressly or by

implication, any material fact, including but not limited to:

1.   The terms or rates that are available for any loan or other extension of

credit, including but not limited to:

a.   closing costs or other fees;

b.   the payment schedule, the monthly payment amount(s), or other

payment terms, or whether there is a balloon payment; interest

rate(s), annual percentage rate(s), or finance charge; the loan

amount, the amount of credit, the draw amount, or outstanding

balance; the loan term, the draw period, or maturity; or any other term of credit;

c.    the savings associated with the credit;

d.    the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

e.    whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

f.    that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

g.    that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.    Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.    That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete; and

4.    That a consumer will receive legal representation;

B.      Advertising or assisting others in advertising credit terms other than those terms

that actually are or will be arranged or offered by a creditor or lender.

**PROHIBITED MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES**

III.    **IT IS FURTHER ORDERED** that the Settling Defendant and his officers, agents,

servants, employees, and attorneys, and those persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal service,

facsimile transmission, email, or otherwise, whether acting directly or through any

corporation, subsidiary, division, or other device, in connection with the advertising,

marketing, promotion, offering for sale or sale of any product, service, plan, or program

are hereby permanently restrained and enjoined from misrepresenting or assisting others

in misrepresenting, expressly or by implication, any material fact, including but not

limited to:

A.      Any material aspect of the nature or terms of any refund, cancellation, exchange,

or repurchase policy, including, but not limited to, the likelihood of a consumer

obtaining a full or partial refund, or the circumstances in which a full or partial

refund will be granted to the consumer;

B.      That any person is affiliated with, endorsed or approved by, or otherwise

connected to any other person; government entity; public, non-profit, or other

non-commercial program; or any other program;

C.      The nature, expertise, position, or job title of any person who provides any

product, service, plan, or program;

D.     That any person will provide any product, service, plan, or program to any consumer;

E.     That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F.     That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

G.     The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

H.     Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program; or

I.     Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

**SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS**

**IV.**    **IT IS FURTHER ORDERED** that the Settling Defendant and his officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service are hereby permanently restrained and enjoined from making any representation or assisting others in

*Stipulated Final Order*               Page 10 of 21

making any representation, expressly or by implication, about the benefits, performance, or efficacy of such product or service, unless at the time such representation is made, the Settling Defendant possesses and relies upon competent and reliable evidence that substantiates that the representation is true.

**PROHIBITION ON DISCLOSING CUSTOMER INFORMATION**

V.      **IT IS FURTHER ORDERED** that the Settling Defendant and his successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person that any Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale or sale of any motor vehicle loan assistance relief product or service, and

B.      failing to dispose of such customer information in all forms in his possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or

destroying any electronic media, to ensure that the customer information cannot

practicably be read or reconstructed.

**Provided, however,** that customer information need not be disposed of, and may be

disclosed, to the extent requested by a government agency or required by a law,

regulation, or court order.

### MONETARY JUDGMENT

**VI.    IT IS FURTHER ORDERED** that:

A.    Judgment is hereby entered against the Settling Defendant in the amount of

THREE HUNDRED SIXTY TWO THOUSAND, THREE HUNDRED AND

EIGHT EIGHT DOLLARS ($362,388); *provided, however,* that this judgment

shall be suspended, subject to Section VII of this Order.

B.    Any funds received by the FTC pursuant to this Section shall be deposited into a

fund administered by the FTC or its agent to be used for equitable relief, including

but not limited to consumer redress and any attendant expenses for the

administration of any redress funds.  In the event that direct redress to consumers

is wholly or partially impracticable or funds remain after redress is completed, the

FTC may apply any remaining funds for such other equitable relief, including but

not limited to consumer information remedies, as the FTC determines to be

reasonably related to the practices alleged in the Complaint.  Any funds not used

for such equitable relief shall be deposited to the U.S. Treasury as equitable

disgorgement.  The Settling Defendant shall have no right to challenge the FTC's

choice of remedies or the manner of distribution.

C.      The Settling Defendant relinquishes all dominion, control, and title to the funds

paid to the fullest extent permitted by law.  The Settling Defendant shall make no

claim to or demand for return of the funds, directly or indirectly, through counsel

or otherwise

D.      The Settling Defendant agrees that the facts as alleged in the Complaint filed in

this action shall be taken as true without further proof in any bankruptcy case or

subsequent civil litigation pursued by the FTC to enforce its rights to any payment

or money judgment pursuant to this Order, including but not limited to a

nondischargeability complaint in any bankruptcy case.  The Settling Defendant

further stipulates and agrees that the facts alleged in the Complaint establish all

elements necessary to sustain an action by the Commission pursuant to Section

523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this

Order shall have collateral estoppel effect for such purposes.  Notwithstanding

anything to the contrary in this Order, the Settling Defendant expressly retains the

right and ability to contest all or any of the facts alleged in the Complaint filed in

this action in: (1) any criminal proceeding; and (2) any civil or administrative

proceeding to which the FTC is not a party.

E.      The judgment entered pursuant to this Section is equitable monetary relief, solely

remedial and restitutionary in nature, and not a fine, penalty, punitive assessment

or forfeiture.

F.      Upon request, the Settling Defendant is hereby required, in accordance with 31

U.S.C. § 7701, to furnish to the FTC his tax identification number, which shall be

used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

G.     Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning the Settling Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

**RIGHT TO REOPEN**

**VII.    IT IS FURTHER ORDERED** that, the FTC's agreement to, and the Court's approval of, this Order is expressly premised on the truthfulness, accuracy and completeness of the Settling Defendant's financial statement previously submitted to the FTC.  If, upon motion by the FTC, the Court finds that the financial statement of the Settling Defendant contains any material misrepresentation or omission, the judgment entered in Section VI of this Order shall be reinstated and become immediately due and payable as to the Settling Defendant, less any amounts turned over to the FTC or its designated agent pursuant to Section VI of this Order; *provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further,* that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order.  For purposes of this Section, the Settling Defendant waives any right to contest any of the allegations in the Complaint.  Notwithstanding anything to the contrary in this Order, the Settling Defendant expressly retains the right and ability to contest all or any of the facts

alleged in the Complaint filed in this action in: (1) any criminal proceeding; and (2) any civil or administrative proceeding to which the FTC is not a party.

**ORDER ACKNOWLEDGMENTS**

**VIII.**   **IT IS FURTHER ORDERED** that the Settling Defendant obtain acknowledgments of receipt of this Order:

A.     The Settling Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, the Settling Defendant, for any business that he, individually or collectively with any other person, is the majority owner or directly or indirectly controls, must deliver a copy of this Order  to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.

C.     From each individual or entity to which the Settling Defendant delivered a copy of this Order, the Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**COMPLIANCE REPORTING**

**IX.**   **IT IS FURTHER ORDERED** that the Settling Defendant make timely submissions to the FTC:

A.   One year after entry of this Order, the Settling Defendant must submit a compliance report, sworn under penalty of perjury.  The Settling Defendant must:

1.   identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences;

2.   identify all titles and roles in all business activities, including any business for which the Settling Defendant performs services whether as an employee or otherwise and any entity in which the Settling Defendant has any ownership interest;

3.   describe in detail the Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4.   designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the FTC may use to communicate with the Settling Defendant;

5.   identify all of the Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6.   describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales;

7.   describe in detail whether and how the Settling Defendant is in compliance with each Section of this Order; and

8.   provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

B.   For 20 years following entry of this Order, the Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.   name, including aliases or fictitious name, residence address;

2.   title or role in any business activity, including any business for which the Settling Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any;

3.   any designated point of contact; or

4.   the structure of any entity that the Settling Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

C.   The Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against him within 14 days of its filing.

D.   Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a FTC representative in writing, all submissions to

the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by

overnight courier (not the U.S. Postal Service) to:  Associate Director for

Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600

Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:

*FTC v. Hope for Car Owners, LLC, et al.*, Matter Number X120016.

**RECORDKEEPING**

**X.**     **IT IS FURTHER ORDERED** that the Settling Defendant must create certain records for

20 years after entry of the Order, and retain each such record for 5 years.  Specifically, the

Settling Defendant, for any business in which the Settling Defendant is a majority owner

or directly or indirectly controls, must maintain the following records:

A.      Accounting records showing the revenues from all goods or services sold, all costs

incurred in generating those revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's:  name, addresses, and telephone numbers;

job title or position; dates of service; and, if applicable, the reason for termination;

C.      Complaints and refund requests, whether received directly or indirectly, such as

through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to the FTC; and

E.      A copy of each advertisement or other marketing material.

**COMPLIANCE MONITORING**

*Stipulated Final Order*                     Page 18 of  21

**XI.**    **IT IS FURTHER ORDERED** that, for the purpose of monitoring the Settling

Defendant's compliance with this Order, including the financial representations upon

which the judgment was suspended:

A.    Within 14 days of receipt of a written request from a representative of the FTC,

the Settling Defendant must: submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for

depositions; and produce documents, for inspection and copying.  The FTC is also

authorized to obtain discovery, without further leave of court, using any of the

procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including

telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the FTC is authorized to communicate directly

with the Settling Defendant.  The Settling Defendant must permit representatives

of the FTC to interview any employee or other person affiliated with the Settling

Defendant who has agreed to such an interview.  The person interviewed may

have counsel present.

C.    The FTC may use all other lawful means, including posing, through its

representatives, as consumers, suppliers, or other individuals or entities, to the

Settling Defendant or any individual or entity affiliated with the Settling

Defendant, without the necessity of identification or prior notice.  Nothing in this

Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9

and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

1  *[remainder of page intentionally blank]*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 *Stipulated Final Order*                     Page 20 of  21

**RETENTION OF JURISDICTION**

**XII.     IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO STIPULATED:**

_____

PATRICK FREEMAN, Defendant pro se

_____

GREGORY A. ASHE
STEPHANIE K. ROSENTHAL
Federal Trade Commission

Attorneys for Plaintiff

     **IT IS SO ORDERED**.

Dated:  November 29, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

*Stipulated Final Order*                    Page 21 of  21