UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. 2:12-cv-00778-GEB-EFB |
| Plaintiff, | **DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANT HOPE FOR CAR OWNERS, LLC** |
| v. | |
| **HOPE FOR CAR OWNERS, LLC, et al.,** | |
| Defendants. | |

    Plaintiff Federal Trade Commission ("FTC") commenced this civil action on March 27, 2012, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to obtain preliminary and permanent injunctive and other equitable relief for Defendants' alleged violations of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing and sale of motor vehicle loan assistance relief services.  *See* Dkt. No. 1.  On April 4, 2012, the Court issued a Temporary Restraining Order.  *See* Dkt. No. 17.  On April 16, 2012, this action was referred to the Magistrate Judge pursuant to Local Rule 302(c)(21).  *See* Dkt. No. 22 at 11; *see also* 28 U.S.C. § 636(c).  On June 7, 2012, the Magistrate Judge recommended that a preliminary injunction be entered against Hope for Car Owners, LLC ("Hope for Car Owners").  *See* Dkt. No. 29.  On July 21, 2012, the Court adopted the Magistrate Judge's findings and recommendation and granted the FTC's motion for preliminary injunction.  *See* Dkt. No. 30.

    Defendant Hope for Car Owners failed to file an answer or otherwise defend this action, and the Clerk entered default against Hope for Car Owners on June 5, 2012.  *See* Dkt. No. 28.  The FTC and defendant Patrick Freeman stipulated to the entry of a final order, which order was entered by the Court on November 30, 2012.  *See* Dkt. No. 40.  The FTC now

having filed its Motion for Entry of Default Judgment and Order for Permanent Injunction and Other Equitable Relief Against the remaining defendant, Hope for Car Owners, LLC, and the Court having considered the FTC's Motion, and supporting exhibits, and the entire record in this matter, the FTC's Motion is hereby granted, and **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). The Complaint seeks both permanent injunctive relief and equitable monetary relief for Hope for Car Owners' deceptive acts or practices as alleged therein.

2. This Court has jurisdiction over the subject matter of this case and has jurisdiction over Hope for Car Owners pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

3. Venue is proper in this District under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

4. The Complaint states a claim upon which relief may be granted against Hope for Car Owners under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

5. Hope for Car Owners has been properly served with the Summons and Complaint, as required by Federal Rule of Civil Procedure 4.

6. Hope for Car Owners has failed to Answer or otherwise defend this action. The Clerk of the Court properly entered defaults against Hope for Car Owners on June 5, 2012.

7. Because of Hope for Car Owners' default, the allegations in the Complaint filed in this action are taken as true.

8. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 *et seq.* The FTC is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC is authorized to initiate federal district

court proceedings, by its own attorneys, to enjoin violations of the FTC Act, and to secure such equitable relief as may be appropriate in each case, including disgorgement.  15 U.S.C. § 53(b).

9. The activities of Hope for Car Owners, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

10. As alleged in Count I of the Complaint, Hope for Car Owners, in connection with the advertising, marketing promotion, offering for sale, or sale of vehicle loan assistance relief services, has represented, directly or indirectly, expressly or by implication, that it generally will obtain for consumers a renegotiation, settlement, modification, or other alteration of the terms of consumers' vehicle loans that will make consumers' vehicle loan payments substantially more affordable.  This material representation was false or was not substantiated at the time the representation was made.  Therefore, Hope for Car Owners' representation is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

11. As alleged in Count II of the Complaint, Hope for Car Owners, in connection with the advertising, marketing promotion, offering for sale, or sale of vehicle loan assistance relief services, has represented, expressly or by implication, that it will give refunds to consumers if it fails to obtain for consumers a renegotiation, settlement, modification, or other alteration of the terms of consumers' vehicle loans that will make consumers' vehicle loan payments substantially more affordable.  In numerous instances, Hope for Car Owners did not give refunds to consumers when it failed to obtain for consumers a renegotiation, settlement, modification, or other alteration of the terms of consumers' vehicle loans that will make consumers' vehicle loan payments substantially more affordable.  Therefore, Hope for Car Owners' representation is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

*Default Judgment and Final Order*        Page 3 of  18

12. Hope for Car Owners has caused consumer injury in the amount of $362,388.

13. The Court finds that, absent a permanent injunction, Hope for Car Owners is likely to continue to engage in the activities alleged in the Complaint.

14. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to issue injunctive and other relief against violations of the FTC Act and, in the exercise of its equitable jurisdiction, to order restitution and the disgorgement of profits resulting from Hope for Car Owners' unlawful acts or practices, and issue other ancillary equitable relief.

15. This Court is persuaded that the danger of future violations by Hope for Car Owners justifies the issuance of injunctive relief.  Specifically, it is proper in this case to issue a permanent injunction that:  (a) permanently bans Hope for Car Owners from marketing or selling assistance relief products or services for secured or unsecured loans or assisting others who do; (b) prohibits Hope for Car Owners from misrepresenting any fact material to a consumer's decision to purchase financial related products or services or other products or services; and (c) provides such other ancillary relief as is necessary to assist the FTC and the Court in monitoring Hope for Car Owners' compliance with such a permanent injunction.

16. It is proper in this case to enter an equitable monetary judgment against Hope for Car Owners for its violations of Section 5 of the FTC Act.  The FTC is entitled to judgment against Hope for Car Owners in the amount of $362,388, the injury caused to consumers by it, even though this amount may exceed its unjust enrichment.

17. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

## DEFINITIONS

1. "**Assisting others**" includes, but is not limited to, providing any of the following goods or services to another person:

    A.    performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

    B.    formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication;

    C.    providing names of, or assisting in the generation of, potential customers;

    D.    performing marketing services of any kind; or

    E.    acting or serving as an owner, officer, director, manager, or principal of any entity.

2. **"Competent and reliable evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

3. **"Customer"** means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by any other person.

4. "**Defaulting Defendant**" means Hope for Car Owners, LLC and its successors and assigns.

5. "**Document**" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

6. **"Financial related product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

    A.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

     B.    improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

     C.    provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; or

     D.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit.

7.    "**Motor vehicle**" means (a) any self-propelled vehicle designed for transporting persons or property on a street, highway, or other road; (b) recreational boats and marine equipment; (c) motorcycles; (d) motor homes, recreational vehicle trailers, and slide-in campers; and (e) other vehicles that are titled and sold through dealers.

8.    "**Motor vehicle loan**" means any loan secured by title to a motor vehicle or otherwise secured by the motor vehicle as collateral.

9.    "**Motor vehicle loan assistance relief product or service**" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

     A.    stopping, preventing, or postponing any repossession of the consumer's motor vehicle, or otherwise saving the consumer's motor vehicle from repossession;

     B.    negotiating, obtaining, or arranging a modification of any term of a motor vehicle loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

     C.    obtaining any forbearance or modification in the timing of payments from any motor vehicle loan holder or servicer on any motor vehicle loan;

     D.    negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a motor vehicle loan, (ii)

          reinstate his or her motor vehicle loan, (iii) redeem a motor vehicle, or (iv) exercise any right to reinstate a motor vehicle loan or redeem a motor vehicle;

    E.    obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any motor vehicle; or

    F.    negotiating, obtaining, or arranging a sale of a motor vehicle or any other disposition of a motor vehicle loan other than a sale to a third party that is not the motor vehicle loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's motor vehicle loan application.

10.    "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

**ORDER**

**BAN ON ASSISTANCE RELIEF PRODUCTS AND SERVICES FOR SECURED AND UNSECURED LOANS**

**I.**    **IT IS THEREFORE ORDERED** that the Defaulting Defendant, whether acting directly or through any other person, are permanently restrained and enjoined from:

    A.    Advertising, marketing, promoting, offering for sale, or selling any motor vehicle loan assistance relief product or service or any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, between a person and one or more secured or unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a secured or unsecured creditor or debt collector; and

*Default Judgment and Final Order*    Page 7 of 18

  B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any motor vehicle loan assistance relief product or service or any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, between a person and one or more secured or unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a secured or unsecured creditor or debt collector.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

**II.** **IT IS FURTHER ORDERED** that the Defaulting Defendant and its officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related product or service, are hereby permanently restrained and enjoined from:

  A. Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

    1. The terms or rates that are available for any loan or other extension of credit, including but not limited to:

      a. closing costs or other fees;

      b. the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding

                balance; the loan term, the draw period, or maturity; or any other term of credit;

       c.    the savings associated with the credit;

       d.    the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

       e.    whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

       f.    that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

       g.    that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

   2.    Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

   3.    That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete; and

   4.    That a consumer will receive legal representation;

B.    Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

*Default Judgment and Final Order*    Page 9 of 18

**PROHIBITED MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES**

III.   **IT IS FURTHER ORDERED** that the Defaulting Defendant and its officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any product, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.   Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.   That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.   The nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D.   That any person will provide any product, service, plan, or program to any consumer;

E.   That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F.   That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the

      product, service, plan, or program under the circumstances depicted in the advertisement;

  G. The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

  H. Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program; or

  I. Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

**SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS**

**IV.** **IT IS FURTHER ORDERED** that the Defaulting Defendant and its officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service are hereby permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of such product or service, unless at the time such representation is made, the Defaulting Defendant possesses and relies upon competent and reliable evidence that substantiates that the representation is true.

**PROHIBITION ON DISCLOSING CUSTOMER INFORMATION**

**V.** **IT IS FURTHER ORDERED** that the Defaulting Defendant and its officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through

*Default Judgment and Final Order* Page 11 of 18

any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person that any Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale or sale of any motor vehicle loan assistance relief product or service, and

B. failing to dispose of such customer information in all forms in his possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

**Provided, however,** that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

**MONETARY JUDGMENT**

VI. **IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered against the Defaulting Defendant in the amount of THREE HUNDRED SIXTY TWO THOUSAND, THREE HUNDRED AND EIGHTY EIGHT DOLLARS ($362,388), less the sum of any amounts paid to the FTC pursuant to judgments in this action relating to other Defendants, with post-judgment interest at the legal rate. The monetary judgment set forth in

*Default Judgment and Final Order*    Page 12 of 18

this Section VI is enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for, the Defaulting Defendant.

B. In order partially to satisfy the monetary judgment set forth in this Section VI, Bank of America N.A. shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, held in account numbers xxxx2073, xxxx2092, and xxxx9643 in the name of Hope for Car Owners, LLC.

C. In order partially to satisfy the monetary judgment set forth in this Section VI, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United States, that holds, controls or maintains accounts or assets of, on behalf of, or for the benefit of, the Defaulting Defendant shall turn over such account or asset to the FTC or its designated agent within ten (10) business days of receiving notice of this Order by any means, including but not limited to via facsimile.

D. Any funds received by the FTC pursuant to this Section shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the FTC determines to be reasonably related to the practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement.  The Defaulting Defendant shall have no right to challenge the FTC's choice of remedies or the manner of distribution.

E. The Defaulting Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  The Defaulting Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise

F. The judgment entered pursuant to this Section is equitable monetary relief, solely remedial and restitutionary in nature, and not a fine, penalty, punitive assessment or forfeiture.

G. Upon request, the Defaulting Defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC its tax identification number, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

H. Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning the Defaulting Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## ORDER ACKNOWLEDGMENTS

**VII.** **IT IS FURTHER ORDERED** that the Defaulting Defendant obtain acknowledgments of receipt of this Order:

A. The Defaulting Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, the Defaulting Defendant, must deliver a copy of this Order  to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any

    change in structure as set forth in the Section titled Compliance Reporting.

    Delivery must occur within 7 days of entry of this Order for current personnel.

    To all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which the Defaulting Defendant delivered a copy of this Order, the Defaulting Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

**VIII.**  **IT IS FURTHER ORDERED** that the Defaulting Defendant make timely submissions to the FTC:

  A. One year after entry of this Order, the Defaulting Defendant must submit a compliance report, sworn under penalty of perjury.  The Defaulting Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the FTC may use to communicate with the Defaulting Defendant; (b) identify all of the Defaulting Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how the Defaulting Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

  B. For 20 years following entry of this Order, the Defaulting Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:  (a) any designated point of contact; or (b) the structure of the Defaulting Defendant or any entity that the Defaulting

Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. The Defaulting Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Hope for Car Owners, Matter No. X120016.

## RECORDKEEPING

**IX.    IT IS FURTHER ORDERED** that the Defaulting Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, the Defaulting Defendant must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC;and

E. A copy of each advertisement or other marketing material.

## COMPLIANCE MONITORING

X. **IT IS FURTHER ORDERED** that, for the purpose of monitoring the Defaulting Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, the Defaulting Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with the Defaulting Defendant. The Defaulting Defendant must permit representatives of the FTC to interview any employee or other person affiliated with the Defaulting Defendant who has agreed to such an interview. The person interviewed may have counsel present.

    C.      The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the Defaulting Defendant or any individual or entity affiliated with the Defaulting Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**RETENTION OF JURISDICTION**

**XII.**    **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

Dated:  February 21, 2013

```
_____
GARLAND E. BURRELL, JR.
Senior United States District Judge
```

*Default Judgment and Final Order*    Page 18 of 18